**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-12-01151-CR

————————

## IN RE JAIME LUEVANO, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Pro se relator Jaime Luevano has filed a petition for writ of mandamus seeking the appointment of counsel to file an application for writ of habeas corpus on his behalf.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011). In his petition, Luevano indicates that the Court of Criminal Appeals refused his petition for discretionary review related to the conviction that he now seeks to collaterally attack by seeking habeas corpus relief.

---

[1]    Relator names as respondent the "Staff Attorney Office for State Council for Offenders and the State Courts of Huntsville, Tex. etc."

A post-conviction habeas corpus applicant is not constitutionally entitled to the appointment of counsel. *Ex parte Graves*, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002). Furthermore, "[t]his Court has no authority to issue writs of mandamus in criminal law matters related to proceedings under article 11.07," such as requests for appointment of counsel for prosecuting a writ of habeas corpus following a final felony conviction. *Ex parte Taylor*, Nos. 03-11-00423-CR, 03-11-00551-CV, 2012 WL 3553619, *2 n.1 (Tex. App.—Austin Jan. 27, 2012, orig. proceeding) (court was without jurisdiction to issue writ of mandamus regarding relator's request for appointment of an attorney to prosecute post-conviction writ of habeas corpus); *see In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. Crim. App. 1991); *see McAfee*, 53 S.W.3d at 717. Thus, this Court lacks authority to grant the relief that Luevano seeks. *See Keene*, 910 S.W.2d at 483; *Taylor*, 2012 WL 3553619, at *2 n.1; *McAfee*, 53 S.W.3d at 717–18.

We dismiss the petition for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).